Air Tiger Express (USA), Inc.
1201 East Oakton Street, Suite 2
ELK GROVE VILLAGE, IL 60007

TEL: (847)766-0090, FAX: (847)766-0939

→ Note Saf on Invoice to Warmbat 11/2/7

**★ NEED FAXED COPY OF CHECK TO RELEASE FREIGHT ★**
**CHECK MUST BE RECEIVED BY THIS OFFICE W/IN 4 BUSINESS DAYS.**

INVOICE

LESSER: WARMBAT/THE ORIGINAL AUSTRALIA
*rd
7464 Webster Street
DAYTON, OHIO 45414 45414 45414 4541
*md

DATE: 11/02/07
ACCT#: WARBAT
INV#: 7115026
MAWB#: cosu 6006505390
LOT#: SHA71481    PCS: 2779
HAWB#:              WT: 11050?

| ITEM. | DESCRIPTION OF CHARGES. | AMOUNT. | CODE |
|---|---|---|---|
| AA. | Duty | $ 65921.80 | 2240 |
| BB. | Brokerage | $ 100.00 | 5190 |
| CC. | Bond Premium | $ 3560.00 | 5115 |
| DD. | Inland Freight | $ 34300.00 | 5220 |
| EE. | Outport Services | $ 35.00 | 5602 |
| FF. | Storage | $ 200.00 | 5160 |
| GG. | Pallets | $ 2100.00 | 5602 |
| HH. | DRAYAGE | $ 1573.00 | 5220 |
| II. | DEVAN/TRANLOAD | $ 2660.00 | 5220 |
| JJ. |  | $ |  |
| KK. | ADDITIONAL CHARGES MAY BE PENDING | $ |  |
| LL. |  | $ |  |

TOTAL AMOUNT:    $ 110451.80

If you are the importer of record, payment to the broker will not relieve you of liability for Customs charges (duties, taxes, or other debts owed Customs) in the event the charges are not paid by the broker. Therefore if you pay by check, Customs charges may be paid with a separate check payable to the "U.S. Customs Service" which shall be delivered to Customs by the broker. Customs clearance services provided by Air Commerce Customs Brokers.
Custom Brokerage Service by Air Commerce CHB Inc. L##1407 Wholly Owned Subsidiary.

**Exhibit A**

Case 1:08-cv-01945    Document 26    Filed 06/04/2008    Page 2 of 6

1983 U.S. Dist. LEXIS 14361, *                                           Page 1

LEXSEE 1983 U.S. DIST LEXIS 14361

**PAUL H. WEBSTER, Plaintiff, v. SOUTH SUBURBAN HOSPITAL FOUNDATION a/k/a SOUTH SUBURBAN HOSPITAL, Defendant.**

No. 80 C 2687

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

1983 U.S. Dist. LEXIS 14361

August 24, 1983

OPINION BY: [*1] GETZENDANNER

OPINION

MEMORANDUM OPINION AND ORDER

SUSAN GETZENDANNER, District Judge:

Before the court are two motions filed by defendant. First, defendant moves to strike the damage request in Count V of the Second Amended Complaint. Second, defendant moves for reconsideration of the court's order under *Rule 39(b), Fed.R.Civ.P.*, allowing plaintiff to make a late jury demand. For the reasons stated below, defendant's motions are denied.

COUNT V

Count V alleges that defendant fraudulently induced plaintiff to release his previous discrimination charges. The settlement agreement provided that plaintiff could seek employment with defendant and that defendant would consider plaintiff as it would any other applicant. Plaintiff alleges that defendant never intended to abide by that provision and that defendant deliberately misrepresented its intention in order to induce plaintiff to release his prior claims. This claim is pendent to plaintiff's federal claims. The applicable law is that of Illinois. At least nominally, the general rule in Illinois is that fraud does not include false representations of future intent. That is, fraud must be the misrepresentation of a past [*2] or present fact, not misrepresentation of a future fact. *Zaborowski v. Hoffman Rosner Corp., 43 Ill. App. 3d 21, 356 N.E.2d 653 (1976)*. However, there is a broad, acknowledged exception to that rule when the false representation is the vehicle for perpetrating the fraud. *Roda v. Berko, 401 Ill. 335, 81 N.E.2d 912 (1948); Steinberg v. Chicago Medical School, 69 Ill. 2d 320, 371 N.E.2d 634, 641, (1977); Vance Pearson, Inc. v. Alexander, 86 Ill. App. 3d 1105, 408 N.E.2d 782 (1980)*. The allegations made by plaintiff in Count V fall into the exception, so plaintiff has properly pleaded fraud. Plaintiff seeks damages "including but not limited to lost wages and other fringe benefits." He also seeks punitive damages.

Defendant asserts that Count V should be stricken because the relief sought by plaintiff is inappropriate. According to defendant, there are two appropriate remedies for fraud: rescission and damages. Plaintiff has never requested rescission. Since damages are sought, defendant insists that the amount must be limited by the "benefit of the bargain" rule. That is, the plaintiff can recover only that amount which will place him in the position which he would have occupied [*3] had the fraudulent representations been true. For support, defendant cites Four "S" *Alliance v. American Nat'l Bank, 104 Ill. App. 3d 636, 432 N.E.2d 1213 (1982)*, and *Martin v. Allstate Ins. Co., 92 Ill. App. 3d 829 416 N.E.2d 347, 352 (1981)*. Defendant argues that plaintiff cannot recover the lost wages he seeks because the agreement did not require the defendant to hire the plaintiff. Instead, it only required defendant to consider plaintiff's applications. Thus, defendant argues, plaintiff has failed to allege recoverable actual damages. Furthermore, defendant notes that, under Illinois law, a plaintiff who has failed to show actual damages cannot recover punitive damages. *Florsheim v. Travelers Indem. Co. of Illinois, 75 Ill. App. 3d 298, 393 N.E.2d 1223, 1233 (1979)*.

Assuming, without deciding, that defendant's view of the law is correct, the facts of this case still do not support defendant's conclusion. In the 1978 settlement agreement, plaintiff relinquished his claims against defendant. In exchange, he was to receive approximately $75,000 and the right to be considered for future employment. Count V alleges that, due to defendant's fraud, plaintiff never received consideration [*4] for employment. Under the benefit of the bargain rule, damages are measured by the difference between what the defrauded party received and what he would have re-



Exhibit B

Case 1:08-cv-01945   Document 26   Filed 06/04/2008   Page 3 of 6

1983 U.S. Dist. LEXIS 14361, *                                                     Page 2

ceived had the fraudulent representations been true. *Martin v. Allstate Ins. Co., 92 Ill. App. 3d 829, 416 N.E. 2d 347, 352 (1981).* Thus it is apparent that, if plaintiff's allegations are true, he has suffered actual damage equal to the value of the right to be considered for employment. On this basis at least, plaintiff may be able to prove some actual damage. Furthermore, plaintiff alleges that defendant's actions were sufficiently gross and willful to justify an award of punitive damages. If proven, such allegations, coupled with a showing of actual damages, justify a request for punitive damages. *Vance Pearson, Inc. v. Alexander, 86 Ill. App. 3d 1105, 408 N.E.2d 782 (1980).* Defendant's motion to strike Count V of the Second Amended Complaint therefore is denied.

### JURY TRIAL

When plaintiff filed suit, his attorney failed properly to request a jury trial. *Rule 38(b) of the Federal Rules of Civil Procedure* requires a party to serve a jury demand upon the other party to the suit. Failure to do so within ten days [*5] of the service of the last pleading directed to an issue results in a waiver of jury trial on that issue. *Rule 38(d).* Plaintiff did not request a jury trial until eleven months after defendant's answer. Inadvertence was the only excuse offered for the failure to comply with *Rule 38(b).* Plaintiff's attorney mistakenly thought that an appropriate notation on the court file's civil cover sheet would be sufficient to preserve the right to a jury trial. The attorney's inadvertence resulted in a waiver of jury trial under *Rule 38(d).*

On June 19, 1981, plaintiff made an oral motion for permission to file a jury demand. Over defendant's objection, the motion was granted pursuant to *Rule 39(b).* Plaintiff filed his jury demand on February 12, 1982.

The court's order allowing a late jury demand did not apply to Count V because that count had not yet been added to plaintiff's complaint. When plaintiff did amend his complaint to include Count V, he filed and served a jury demand which was timely as to Count V. Thus, plaintiff has complied with *Rule 38(b)* as to Count V, assuming that he has a right to try Count V to a jury. The court holds that a jury right does attach to Count V. [*6] Count V states a claim at law for damages in excess of $20. U.S. Const. Amend. VII. Although plaintiff initially waived his jury right, that waiver does not extend to new issues raised in newly added counts. The waiver does extend to new counts which do not raise new issues. *Hostrop v. Board of Junior College District No. 515, 523 F.2d 569, 581 (7th Cir. 1975),* cert. denied, *425 U.S. 963 (1976).* The court believes that Count V raises new issues. Although Count III and, to a lesser extent, Count II, raise issues of whether defendant considered plaintiff's applications, Count V presents the new issue of whether defendant fraudulently induced plaintiff to settle his previous charges. This new issue may include new questions relating to the value of plaintiff's previous claims, to the intentions of defendant's officers, and to the importance plaintiff placed on the contract clause requiring defendant to give certain treatment to plaintiff's future applications. Of course, in envisioning what course plaintiff's proof might take, the court expresses no opinion as to the merits of plaintiff's claim, or as to how he should attempt to prove it. It is clear to the court that Count v, [*7] in alleging fraud, raises a new issue to which plaintiff's earlier waiver of his jury rights does not extend. *First Wisconsin National Bank v. Klapmeier, 526 F.2d 77 (8th Cir. 1975).*

The court's decision on the first four counts requires a different analysis. The initial question is whether the court has the discretion to allow a jury trial under present circumstances. If the court does have discretion to order a jury trial, the question then arises how that discretion should be exercised in this case.

Defendant argues that this court has no discretion to allow a late jury demand in the absence of extraordinary circumstances. Defendant cites many cases which assert that inadvertence is an insufficient basis for a court's exercise of discretion under *Rule 39(b).*

The strongest support for defendant's position is found in the Second Circuit. In that circuit, it has long been accepted that it is reversible error to grant a jury trial when the waiver under *Rule 38(d)* resulted from mere inadvertence. *Gallela v. Onassis, 487 F.2d 986, 996 (2d Cir. 1973).* This rule was first announced in *Noonan v. Cunard Steamship Co., 375 F.2d 69 (2d Cir. 1967).* The Noonan court noted that district [*8] courts within the circuit had uniformly rejected inadvertence as a basis for the exercise of discretion under *Rule 39(b).* According to the court, such consistency within the circuit "placed a gloss upon the Rule which a judge could no more disregard than if the words had appeared in the Rule itself." *Id. at 70.*

For further support, defendant cites cases from other circuits. These cases include *Mardesich v. Marciel, 538 F.2d 848 (9th Cir. 1976)* (no abuse of discretion to deny *Rule 39(b)* motion when inadvertence was the only excuse for waiver), *Rhodes v. Amarillo Hospital Dist., 654 F.2d 1148, 1154 (5th Cir. 1981)* (court not required to order jury trial when waiver results from inadvertence), and *Littlefield v. Fort Dodge Messenger, 614 F.2d 581, 584 (8th Cir.),* cert. denied, *445 U.S. 945 (1980)* (no abuse of discretion to deny jury trial when no justification is offered for the waiver and no prejudice results from the denial). Defendant also cites numerous district court cases, including *Todd v. Lutz, 64 F.R.D. 150 (W.D.Pa. 1974)* (mere negligence is insufficient to justify exercise of discretion) and *Biesenkamp v. Atlantic*

*Richfield Co., 70 F.R.D. 365 (E.D. Pa. 1976)* (oversight [*9] does not warrant granting a jury trial under *Rule 39(b)*).

Both Todd and Biesenkamp hold that courts have no discretion when inadvertence caused the jury trial waiver. The cited appellate decisions, though, do not explicitly accept that standard. The Ninth Circuit, in Mardesich, severely limited district court discretion in cases of inadvertence. Nevertheless, despite a discussion of the Second Circuit standard, the court stopped short of adoption of that standard. Furthermore, neither Rhodes nor Littlefield indicated that the trial courts' discretion is limited when inadvertence is the cause of the waiver. In essence, Rhodes and Littlefield affirmed the trial courts' exercise of discretion. They held that it was within the courts' discretion to deny jury trials in cases of inadvertence. They did not indicate that the trial courts were compelled to deny jury trials.

Moreover, several courts have explicitly held that jury trials should be liberally granted. In Littlefield, the Eighth Circuit asserted that "jury trials ought to be liberally granted when no prejudice results." *614 F.2d at 584*. The Fifth Circuit, in *Swofford v. B. & W. Inc., 336 F.2d 406 (5th Cir. 1964)*, cert. [*10] denied, *379 U.S. 962 (1965)*, stated that courts should grant jury trials "in the absence of strong and compelling reasons to the contrary." *Id. at 409*. Such quotes illustrate these circuits' reluctance to deny jury trials.

As the above discussion indicates, there is no consensus as to the scope of a trial court's discretion under *Rule 39(b)*. Furthermore, none of the cited decisions is binding on this court. Decisions from the Seventh Circuit or from this district are more influential in this court.

Two recent cases in this district have discussed *Rule 39(b)*. In *Abbe v. Allen's Store for Men, Inc., 94 F.R.D. 295 (N.D. Ill. 1982)*, Judge Shadur granted a late request for a jury trial, but found reasons beyond mere inadvertence to help justify his decision. In *Rodriguez v. Schweiger, 534 F.Supp. 229 (N.D. Ill. 1982)*, Judge Moran discussed the different standards and explicitly rejected limitations on discretion. Even though he noted that inadvertence was the reason for the waiver, he granted the motion for a jury trial "because this court is reluctant to deny a right to jury, and because the rationale for refusing a jury trial is not compelling in this case." *Id. at 232*. As [*11] these cases indicate, there is no local tradition of denying jury requests as existed in the Second Circuit. Therefore, the rationale of that circuit's decision in Noonan is absent here. Defendant has submitted Judge Parsons' order in Kieper v. Lutheran General Hospital, No. 81 C 5440 (N.D.Ill. Sept. 27, 1982). Although Judge Parsons struck a jury demand which was not timely served, he did not deny a *Rule 39(b)* motion or discuss that Rule.

The Seventh Circuit has yet to decide on the breadth of discretion in cases of inadvertence. However, in *Merritt v. Faulkner, 697 F.2d 761 (7th Cir. 1983)*, the Court echoed the Fifth Circuit in Swofford and stated that untimely jury demands should be granted "[i]n the absence of strong and compelling reasons to the contrary." *Id. at 767*.Furthermore, the Merritt Court stated that mere lack of timeliness is not a strong or compelling reason to deny a jury trial.

The discussion above leads this court to conclude that *Rule 39(b)* allows the discretion to grant plaintiff a jury trial. Thus, the question arises whether that discretion should be exercised in this case.

In making this decision, several factors should be considered. Foremost [*12] among them is the question of prejudice to one of the parties. In this case, defendant claims that it would be prejudiced by a jury trial. The reason advanced for the prejudice is delay allegedly inherent in a jury trial. Defendant also asserts that it will incur higher costs if it must change from a bench trial strategy to a jury trial strategy. These costs include exhibits to explain to the jury the significance of the settlement agreement between the parties. These objections are weakened by the court's ruling that plaintiff is entitled to try Count V to a jury. Regardless of the court's decision on the other counts, defendant will be incurring jury-related expenses. Moreover, the risk of additional litigation expense does not necessarily outweigh the interest in a jury trial. *Abbe, 94 F.R.D. at 297*.

Finally, defendant argues that plaintiff's long delay in requesting a jury trial should reflect negatively on plaintiff's position. It is true that plaintiff did not request a jury trial until roughly eleven months after defendant answered the complaint. Moreover, plaintiff did not actually file his jury demand until eight months after he was given permission to do so (although [*13] an order under *Rule 38(b)* generally should be sufficient). This argument would be more persuasive if defendant had been quicker to file its motion to reconsider. Defendant's motion was not filed until fourteen months after plaintiff finally filed his jury demand.

This court comes to the conclusion that defendant will not be prejudiced by a jury trial. Furthermore there are no other critical factors which would convince the court to grant defendant's motion. The right to a jury is a cornerstone of our system of justice. So fundamental a right ought not be denied solely due to an oversight by one's attorney. In addition, this case presents issues suitable for a jury trial. A jury can readily understand and resolve the issues. Defendant's motion to reconsider, therefore, is denied.

Count I is brought under Title VII, so plaintiff has no right to try it to a jury. Because Count I is so closely related to Count II, the court believes that the jury should sit in an advisory capacity on Count I. *Rule 39(c)*. Counsel should consider how best to administer this arrangement. It may be best to submit special verdict forms to the jury.

CONCLUSION

The court denies defendant's [*14] motion to strike the prayer for relief in Count V. The court holds that plaintiff properly has demanded a jury trial under *Rule 38(b)*, for the new issues raised by Count V. The court orders, under *Rule 39(b)*, that Counts II, III and IV be tried to a jury. The court orders, under *Rule 39(c)*, that Count I be tried to the court with the jury sitting as an advisory jury. Defendant's motion to reconsider is denied.

It is so ordered.