IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **AIR TIGER EXPRESS (USA), INC.,** : | |
| : | CASE NO. 08 CV 1945 |
| Plaintiff, : | |
| : | |
| v. : | Judge John W. Darrah |
| : | |
| **PAUL BARCLAY; and THE ORIGINAL** : | Magistrate Judge Martin C. Ashman |
| **AUSTRALIAN, LLC,** : | |
| : | |
| Defendants. : | |

**ANSWER TO COMPLAINT (COUNTS III AND IV) AND AFFIRMATIVE DEFENSES
OF DEFENDANTS, PAUL BARCLAY & THE ORIGINAL AUSTRALIAN, LLC**

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, The Original Australian, LLC and Paul Barclay (collectively, "Defendants") answer the Complaint (Counts III and IV), Count I having been answered on April 30, 2008 and Count II having been dismissed on June 26, 2008, as follows:

**COUNT III – FRAUD (The Original Australian)**

39.    Plaintiff adopts and incorporates paragraphs 1 to 28 as paragraph 38 of Count III.

**ANSWER:**    Defendants incorporate and reallege their answers to paragraphs 1-28 of the Complaint as their answer to Complaint ¶39.

40.    The Original Australian and Barclay engaged in a scheme to defraud ATE.

**ANSWER:**    Defendants deny the allegations of ¶40 of the Complaint.

41.    On November 2, 2007 The Original Australian promised it would pay ATE $110,451,80. This statement was false. The Original Australian knew it was false when it stated that it would pay the $110,451.80 on November 2, 2007.

**ANSWER:**    Defendants deny the allegations of ¶41 of the Complaint.

42.     ATE detrimentally relied on The Original Australian's false statement.  ATE released The Original Australian's cargo in exchange for the false promise that the payment would be made.  The Original Australian knew that its false promise would cause ATE to release the cargo.

**ANSWER:**   Defendants deny the allegations of ¶42 of the Complaint.

43.     ATE's reliance on The Original Australian's false promise to pay $110,451.80 has caused ATE damages.

**ANSWER:**   Defendants deny the allegations of ¶43 of the Complaint.

44.     The Original Australian's actions in this case have been particularly reprehensible.  Not only did The Original Australian engage in the original act of premeditated lying, it compounded its ill behavior by trying to cover up its lie through a series of additional lies.  Therefore, punitive damages should be awarded to punish The Original Australian and to deter it and others from committing similar acts of wrongdoing in the future.

**ANSWER:**   Defendants deny the allegations of ¶44 of the Complaint.

## COUNT IV – FRAUD (Barclay)

45.     Plaintiff adopts and incorporates paragraphs 1 to 28 as paragraph 44 of Count IV.

**ANSWER:**   Defendants incorporate and reallege their answers to paragraphs 1-28 of the Complaint as their answer to Complaint ¶45.

46.     The Original Australian and Barclay engaged in a scheme to defraud ATE.

**ANSWER:**   Defendants deny the allegations of ¶46 of the Complaint.

47.     On November 2, 2007 The Original Australian promised it would pay ATE $110,451.80.  This promise was made by Barclay, the Founder and CEO of The Original Australian.  Upon information and belief, only Barclay has the authority to instruct an employee from The Original Australian to pay the amount due.  Barclay's purported instruction to a The Original Australian employee was false.  When he instructed the employee to pay and fax a copy of the check that would be sent to ATE, Barclay knew The Original Australian would not be paying the $110,451.80 on November 2, 2007 or any other date.

**ANSWER:**   Defendants deny the allegations of ¶47 of the Complaint.

48.     ATE detrimentally relied on Barclay's false statement.  ATE released The Original Australian's cargo in exchange for Barclay's false instruction that the payment would be made.  Barclay knew that its false promise would cause ATE to release the cargo.

**ANSWER:** Defendants deny the allegations of ¶48 of the Complaint.

49. ATE's reliance on Barclay's false promise that The Original Australian would pay $110,451.80 has caused ATE damages.

**ANSWER:** Defendants deny the allegations of ¶49 of the Complaint.

50. In total, Barclay has knowingly participated and assisted in the fraud perpetrated against ATE.

**ANSWER:** Defendants deny the allegations of ¶50 of the Complaint.

51. Barclay's actions in this case are antithetical to how ethical, responsible business people are supposed to behave. His goal has been to simply steal ATE's freight forwarding services through deceit. In so doing, Barclay has orchestrated a web of lies from falsely promising payment to falsely tracking down a payment that was never made.

**ANSWER:** Defendants deny the allegations of ¶51 of the Complaint.

52. Therefore, punitive damages should be awarded to punish Barclay and to deter him and others from committing similar acts of wrongdoing in the future.

**ANSWER:** Defendants deny the allegations of ¶52 of the Complaint.

## AFFIRMATIVE DEFENSES

### Seventh Affirmative Defense: Lack of Particularity

7. ATE failed to allege its fraud claims with particularity.

### Eighth Affirmative Defense: Lack of Reliance

8. ATE's claims are barred for lack of justifiable reliance. The facts supporting this Affirmative Defense are stated in the Complaint and the Counterclaim.

### Ninth Affirmative Defense: Promissory Fraud

9. ATE's Ninth claims are barred by the doctrine of promissory fraud. The facts supporting this Affirmative Defense are stated in the Complaint and the Counterclaim.

Respectfully submitted,

The Original Australian, LLC


 */s/Christine M. McLaughlin*
Chad D. Cooper (Admitted Pro Hac Vice)
Christine M. McLaughlin (Admitted Pro Hac Vice)
THOMPSON HINE LLP
2000 Courthouse Plaza, N.E.
P.O. Box 8801
Dayton, Ohio  45401-8801
(937) 443-6909

Marion B. Adler
RACHLIS DURHAM DUFF & ADLER, LLC
542 South Dearborn, Suite 900
Chicago, IL 60605
 (312) 733-3957

Dated:  July 15, 2008

534068.2

- 4 -

- 5 -

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 15, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

David Seidman, Esq.
Enterprise Law Group, LLP
70 West Madison Street
Suite 740
Chicago IL 60602

                                                         */s/Christine M. McLaughlin*
                                                         Christine M. McLaughlin